No. 03-370

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 366

IN THE MATTER OF S.H. and B.H.,

    Youths in Need of Care.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADJ 2001-136-Y,
Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Vince van der Hagen, Deputy Public Defender, Great Falls, Montana

    For Respondent:

        Honorable Mike McGrath, Attorney General; Jennifer Anders,
Assistant Attorney General, Helena, Montana

        Brant Light, County Attorney; Mary Ann Ries, Deputy County
Attorney, Great Falls, Montana

Submitted on Briefs:  November 13, 2003

Decided:  December 19, 2003

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     S.B., the mother of S.H. and B.H., appeals from the District Court's order terminating her parental rights. We affirm.

¶2     The two issues on appeal are as follows:

¶3     1.     Whether the District Court erred when it found that the condition rendering S.B. unfit was unlikely to change within a reasonable time?

¶4     2.     Whether the District Court erred when it allowed the guardian ad litem to present hearsay evidence?

### Factual and Procedural Background

¶5     S.B. is the natural mother of S.H. and B.H. The natural father of the children is deceased. The State of Montana Department of Public Health and Human Services (DPHHS) became involved with the family in Cascade County because of allegations that the stepfather was sexually abusing the children. S.H. and B.H. were removed from the home and have been in foster care since June 13, 2001. The District Court adjudicated the children youths in need of care on September 25, 2001.

¶6     In April of 2003, the District Court held a hearing regarding the State of Montana's petition for termination of parental rights. After the hearing, the court found the following facts. DPHHS developed a treatment plan for S.B. that included obtaining a chemical dependency evaluation, submitting to random urinalysis drug-testing, attending weekly Alcoholics Anonymous/Narcotics Anonymous (AA/NA) meetings, providing documentation of attendance at these meetings, receiving individual counseling, seeing a psychiatrist and

2

taking prescribed medications, and maintaining consistent and frequent contact with S.H. and B.H. On December 31, 2001, the District Court approved the treatment plan and ordered S.B. to complete it. DPHHS reviewed the requirements of the treatment plan with S.B. on several occasions.

¶7 S.B. did not successfully complete her treatment plan. S.B. completed a chemical dependency evaluation but did not consistently submit to random drug testing. She did not provide verification of attendance at AA/NA meetings. She failed to attend individual counseling or keep psychiatrist appointments or take prescribed medication. S.B. also failed to maintain frequent and consistent contact with S.H. and B.H. Based on these factors, the District Court found that S.B. made minimal efforts to comply with and did not successfully complete her treatment plan. The court went on to conclude that, due to S.B.'s history of noncompliance and her failed treatment plan, the conduct or condition rendering her unfit was unlikely to change within a reasonable time. The court concluded that despite DPHHS's reasonable efforts to reunite the family, the evidence demonstrated that the continuation of the parent-child legal relationship would likely result in continued abuse and neglect. The court determined that the interests of the children, considering their physical, mental, and emotional needs, would be best served by terminating S.B.'s parental rights. The court entered an order terminating her parental rights. S.B. appeals from the District Court's order.

<u>Discussion</u>

¶8 Issue 1: Whether the District Court erred when it found that the condition rendering S.B. unfit was unlikely to change within a reasonable time?

¶9     We review a district court's decision to terminate parental rights to determine whether the court abused its discretion. *In re J.W.*, 2001 MT 86, ¶ 7, 305 Mont. 149, ¶ 7, 23 P.3d 916, ¶ 7. We review the decision to "determine whether the district court's findings of fact supporting termination are clearly erroneous and whether the district court's conclusions of law are correct." *In re A.T.*, 2003 MT 154, ¶ 9, 316 Mont. 255, ¶ 9, 70 P.3d 1247, ¶ 9. "A finding of fact is clearly erroneous if it is not supported by substantial evidence, if the court misapprehended the effect of the evidence or if, upon reviewing the record, this Court is left with the definite and firm conviction that the district court made a mistake." *In re J.W.*, ¶ 7.

¶10     "It is well-established that in reviewing a district court's findings, . . . we do not consider whether the evidence could support a different finding; nor do we substitute our judgment for that of the fact-finder regarding the weight given to the evidence." *In re D.V.*, 2003 MT 160, ¶ 21, 316 Mont. 282, ¶ 21, 70 P.3d 1253, ¶ 21 (citation and internal quotations omitted). "[I]t is the trial court's responsibility to weigh the evidence presented and ascertain the witnesses' corresponding credibility." *In re K.S.*, 2003 MT 212, ¶ 20, 317 Mont. 88, ¶ 20, 75 P.3d 325, ¶ 20.

¶11     A court does not make the decision to terminate parental rights lightly. *In re D.V.*, ¶ 24. "The party seeking to terminate an individual's parental rights has the burden of proving by clear and convincing evidence that the statutory criteria for termination have been met." *In re A.T.*, ¶ 10 (citation omitted). "[A] natural parent's right to care and custody of a child is a fundamental liberty interest which must be protected by fundamentally fair

4

procedures." *In re A.T.*, ¶ 10. "[A] district court must make specific factual findings in accordance with the requirements set forth in § 41-3-609, MCA." *In re J.W.*, ¶ 7. A person's parental rights to a child may be terminated by a district court, pursuant to § 41-3-609(1)(f), MCA, if the court "[1] finds that the child has been adjudicated a youth in need of care, [2] an appropriate court-approved treatment plan has not been complied with or has been unsuccessful, and [3] the conduct or condition rendering the parent unfit is unlikely to change within a reasonable period of time." *In re J.W.*, ¶ 10.

¶12 Complete compliance with a treatment plan is required. *In re D.V.*, ¶ 25. Substantial or partial compliance is insufficient to prove that a person is prepared to be a fit or responsible parent. *In re D.V.*, ¶ 25. In determining whether a parent's conduct or condition is likely to be cured in a reasonable period of time or is likely to continue for an extended time, a court considers history of emotional and mental illness, history of violent behavior, chemical or alcohol dependency, and imprisonment. Section 41-3-609(2), MCA.

¶13 "[T]he district court is bound to give primary consideration to the physical, mental, and emotional conditions and needs of the children. Consequently, the best interests of the children are of paramount concern in a parental rights termination proceeding and take precedence over the parental rights." *In re J.W.*, ¶ 8 (internal citations and quotations omitted).

¶14 In this case, the court considered S.B.'s history of chemical dependency and her continual failure to successfully comply with the treatment plan. The record reflects that S.B. made minimal efforts to comply with her treatment plan. She did complete a chemical

dependency evaluation but she failed to consistently submit to random drug testing. She failed to submit verification of attendance at AA/NA meetings. She did not attend individual counseling or keep psychiatrist appointments and take prescribed medication. S.B. failed to maintain a healthy relationship with S.H. or B.H. by maintaining frequent and consistent contact. Additionally, due to S.B.'s history of noncompliance and minimal attempts to complete her treatment plan, the court determined S.B.'s behavior was unlikely to change within a reasonable time. Section 41-3-609(1)(f), MCA.

¶15 The evidence presented to the District Court supports its conclusion that S.B. failed to comply with her treatment plan and that the court's concerns about S.B.'s parental fitness were unlikely to change in a reasonable period of time. The criteria of § 41-3-609, MCA, were satisfied.

¶16 Issue 2: Whether the District Court erred when it allowed the guardian ad litem to present hearsay evidence?

¶17 The District Court determined that the three statutory conditions of § 41-3-609(1)(f), MCA, had been established and terminated S.B.'s parental rights. On appeal, S.B. does not challenge the court's finding that S.H. and B.H. had been adjudicated youths in need of care. Rather, S.B. contends that the court's termination of her rights was based in part on the testimony of the guardian ad litem (GAL) and that this testimony was highly prejudicial, based on hearsay, violated her constitutional due process rights, and lowered the State's burden of proof. S.B. also claims that the statute pursuant to which this testimony was allowed is unconstitutional. S.B. also claims that the court should have accepted her

6

testimony that she had substantially complied with her treatment plan because it was not refuted by the State.

¶18    We have repeatedly recognized that courts should avoid constitutional issues whenever possible. *Merlin Myers Revocable Trust v. Yellowstone County*, 2002 MT 201, ¶ 24, 311 Mont. 194, ¶ 24, 53 P.3d 1268, ¶ 24. "We have held that certain constraints govern the Court's power to determine the constitutionality of statutes. Among those constraints is the principle that we will not rule on the constitutionality of a legislative act if we are able to decide the case without reaching constitutional considerations." *Merlin Myers Revocable Trust*, ¶ 24 (citation and internal quotations omitted).

¶19    On September 24, 2001, the District Court adjudged B.H. and S.H. youths in need of care. Therefore, the two remaining statutory criteria to be determined at the termination of parental rights hearing in April of 2002 were whether an appropriate court-approved treatment plan had been complied with or had been unsuccessful, and whether the conduct or condition rendering the parent unfit is unlikely to change within a reasonable period of time. Section 41-3-609(1)(f), MCA.

¶20    At the hearing the court heard testimony from three social workers, the appointed GAL, and S.B. herself. The court then entered its order that terminated S.B.'s rights because the evidence presented satisfied the three statutory requirements for parental rights termination: (1) the youths had already been adjudicated youths in need of care; (2) S.B. did not comply with her treatment plan; and (3) the condition or conduct rendering S.B. unfit to be a parent was unlikely to change within a reasonable time. Section 41-3-609(1)(f), MCA.

7

The record does not reflect that the court relied upon the testimony of the GAL in determining either that S.B. did not complete her treatment plan or that the condition or conduct rendering her unfit was unlikely to change within a reasonable time. The testimony of the other two social workers was that S.B. did not comply with the treatment plan requirements to attend individual counseling, abstain from illegal drugs, submit to random drug-testing, attend AA/NA regularly and provide verification of this attendance, and maintain healthy relationships with S.H. and B.H.

¶21     The District Court weighed all the evidence presented and determined that S.B. had not complied with her treatment plan and that the condition or conduct rendering her unfit to be a parent was not likely to change within a reasonable amount of time. Weighing the evidence and ascertaining witness credibility is the district court's responsibility, *In re K.S.*, ¶ 20, and we will not substitute our judgment for that of the fact-finder regarding the weight given to evidence, *In re D.V.*, ¶ 21.

¶22     Clear and convincing evidence was provided that the statutory criteria for termination of parental rights had been met. *In re A.T.*, ¶ 10. The court acted within its discretion when it gave more weight to the social workers' testimony than it gave S.B.'s testimony. *In re K.S.*, ¶ 20. We have previously upheld a district court's decision to terminate parental rights on the basis that a parent was unlikely to change within a reasonable time, despite the parent's testimony that she demonstrated progress in ending substance abuse and was making herself more fit to parent. *In re K.S.*, ¶¶ 20-21.

¶23 S.B. has failed to provide evidence that an error of law occurred or that a finding of fact was factually unsupported. *In re A.T.*, ¶ 9; *In re D.V.*, ¶ 24. Accordingly, we conclude that the District Court did not abuse its discretion in determining that the best interests of the children were served by terminating S.B.'s parental rights. *In re J.W.*, ¶ 7.

¶24 We will not reach the alleged unconstitutionality of the statute that allows a GAL to provide hearsay testimony because the record reflects that the District Court did not rely on this testimony in reaching its decision. *Merlin Myers Revocable Trust*, ¶ 24. The District Court did not abuse its discretion. *In re J.W.*, ¶ 7.

¶25 Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ JIM REGNIER