DA 15-0784

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 135N

IN THE MATTER OF:

L.A.A. and C.C.,

     Youths in Need of Care.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause Nos. DN 15-03 and DN 15-04
Honorable James B. Wheelis, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Shannon Hathaway, Montana Legal Justice, PLLC, Missoula, Montana

        For Appellee:

        Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant Attorney General, Helena, Montana

        Bernard Cassidy, Lincoln County Attorney, Libby, Montana

          Submitted on Briefs:  May 11, 2016

                   Decided:  May 31, 2016

Filed:

                                  _____
                                       Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Mother appeals the order of the Nineteenth Judicial District Court terminating her parental rights to her two minor daughters on the ground that the condition or conduct rendering Mother unfit to parent her children was not likely to change in a reasonable time.

¶3 L.A.A. and C.C., aged 10 and 6 respectively, are Mother's biological children but they have different biological fathers. The Department of Public Health and Human Services, Child and Family Services Division (the Department) first became involved with Mother in 2009 when it received a report that C.C.'s father physically abused L.A.A. The Department received numerous subsequent but unsubstantiated reports of physical neglect of the children during 2013 and 2014. The children were removed from Mother's home in January 2015. Neither father was available to provide care for his child.

¶4 A show cause hearing was conducted on March 2, 2015, at which the children were declared youths in need of care and the court granted temporary legal custody of the children to the Department for six months. On March 23, 2015, a scheduled dispositional hearing was continued to April 13, 2015, because the parents failed to appear. The

2

dispositional hearing was held on April 13 and the court ordered the parents' treatment plans to be put into effect. Mother stipulated to her plan which required that she complete psychological and chemical dependency evaluations, find adequate housing, maintain a steady and legal income, visit with her children, complete parenting classes, implement the learned parenting techniques, and maintain weekly contact with the Department. In September 2015, the County Attorney petitioned for permanent legal custody and termination of Mother's parental rights based upon her failure to complete an appropriate treatment plan and asserting that the conduct or condition rendering her unfit to parent was unlikely to change in a reasonable time. On November 2, 2015, the District Court terminated the parental rights of Mother and both fathers. Mother appeals. Fathers do not. We affirm.

¶5      Mother argues the District Court violated her constitutional right to parent her children and abused its discretion by terminating her rights without meeting the proper statutory criteria set forth in § 41-3-609(1)(f), MCA, and upon finding that the condition that prevents her from currently parenting the children is unlikely to change within a reasonable time. Mother asserts the District Court should have granted her request for additional time to complete her treatment plan. The State counters that the District Court did not abuse its discretion when it terminated Mother's rights because adequate and substantial evidence had been presented to support the court's findings and conclusion that Mother's condition was unlikely to change in a reasonable period of time.

¶6      Section 41-3-609(1)(f), MCA, provides that a court may order termination of a parent's rights when clear and convincing evidence is presented that (1) the child is an

3

adjudicated youth in need of care, (2) an appropriate and court-approved treatment plan has not been complied with or has been unsuccessful, and (3) the conduct or condition rendering the parent unfit is unlikely to change within a reasonable time. In determining that the conduct or condition of the parents is unlikely to change within a reasonable time, the court must find that continuation of the parent-child legal relationship will likely result in continued abuse or neglect or that the conduct or the condition of the parents renders the parents unfit, unable, or unwilling to give the child adequate parental care. The court must consider the following, among other things: emotional or mental illness, a history of violent behavior by the parent, and excessive use of intoxicating liquor or a narcotic or dangerous drug that affects the parent's ability to care and provide for the child. Section 41-3-609(2), MCA.

¶7 In the case before us, the District Court heard evidence from Mother, Mother's departmental case workers, and a family support worker. Additionally, one of the Department case workers testified to the results of a psychological evaluation performed on Mother stemming from theft and criminal-endangerment charges brought against her. While some of the evidence presented supported Mother's request for additional time, other evidence revealed the severity of Mother's mental health condition, her use of alcohol and drugs in the presence of her children, and her neglect of the children's health and dental needs. Along with other evidence, these factors supported the District Court's decision to deny Mother additional time and to terminate her parental rights.

¶8 It is within the district court's province and discretion to weigh witness testimony and evaluate the credibility of the witnesses. *In re A.K.*, 2015 MT 116, ¶ 31, 379 Mont.

4

41, 347 P.3d 711. Additionally, it is well-established that "in reviewing a district court's findings . . . we do not consider whether the evidence could support a different finding; nor do we substitute our judgment for that of the fact-finder regarding the weight given to the evidence." *In re S.H.*, 2003 MT 366, ¶ 10, 319 Mont. 90, 86 P.3d 1027. Moreover, the existence of conflicting evidence does not preclude a trial court's determination that clear and convincing evidence exists to support a finding of fact." *A.K.*, ¶ 31.

¶9 In the case at bar, the District Court was presented with sufficient evidence to support its determination that the conditions rendering Mother unfit were unlikely to change within a reasonable period of time.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. The court's findings of fact are not clearly erroneous and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted. Furthermore, there was no abuse of discretion.

¶11 We affirm.

/S/ PATRICIA COTTER

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON